## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN PAUL JONES, III,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>DE-3330-15-0378-I-1 |
| 　　　　v. | |
| DEPARTMENT OF HEALTH AND<br>　HUMAN SERVICES,<br>　　　　　　　Agency. | DATE: March 8, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Marie T. Ransley</u>, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The following facts are undisputed unless otherwise noted. The appellant exhausted his administrative remedies with the Department of Labor and timely filed an appeal alleging that the agency violated his veterans' preference rights when it did not select him for a GS-15 Supervisory Public Health Advisor position advertised under the Merit Promotion Vacancy Announcement HHS-CDC-M4-15-1332063 (Vacancy ID 1332063).[2] Initial Appeal File (IAF), Tab 1 at 9. The agency selected a nonveteran candidate under Vacancy ID 1332063 for the supervisory position to "[s]erve as part of the management team for the Country Strategy & Management Branch within the Division of Global HIV/AIDS." IAF, Tab 9 at 21, Tab 11 at 17. The agency's human resources specialists reviewed the appellant's application package and determined that the appellant was ineligible for the position because his résumé did not

---

[2] The agency concurrently announced the position under merit promotion and delegated examining announcements. Initial Appeal File (IAF), Tab 11 at 16. The appellant filed a separate appeal of his nonselection under the delegated examining announcement. *See Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-15-0377-I-1.

demonstrate any experience in HIV/AIDS-related public health activity.[3] IAF, Tab 9 at 11 (Guice Declaration ¶ 4).

¶3     On appeal, the appellant challenged the agency's determination that he was "ineligible," arguing that the selection process was unlawful and that "the Agency never stated their reasoning as to why [he is] not qualified." IAF, Tab 1 at 5. The appellant submitted a copy of the file closure letter that he received from the Department of Labor, notifying him of his Board appeal rights, and the notice he received stating that the agency reviewed his application and determined that he was not eligible for the position because he lacked the specialized experience described in the vacancy announcement. *Id*. at 7-9.

¶4     The administrative judge found that the Board has jurisdiction to adjudicate the appellant's VEOA claim alleging that the agency violated his rights under a statute or regulation relating to veterans' preference, and he informed the parties of the applicable law and the burdens of proof.[4] IAF, Tab 12 at 2-4. The administrative judge ordered the appellant to submit evidence or argument supporting the merits of his appeal and showing any genuine dispute of material fact that required a hearing. IAF, Tab 12 at 1, 3-4. The parties responded, and the administrative judge denied the request for corrective action based on the

---

[3] In the vacancy announcement, the agency specified that:

> Applicants must have at least one year of specialized experience at or equivalent to the GS-14 grade level in the Federal service as defined . . . [as] experience which is directly related to the position which has equipped the applicant with the particular knowledge, skills and abilities (KSAs) to successfully perform the duties of the position which includes planning, development, implementation, evaluation and/or improvement of international public health activities associated with the elimination of HIV/AIDS or infectious diseases.

IAF, Tab 11 at 18.

[4] On appeal, the appellant also argued that the agency "may have also utilized one or more Prohibited Personnel Practices, which are violations of 5 [U.S.C.] § 2302"; however, the administrative judge properly found that the Board has no jurisdiction under VEOA to consider his claim of prohibited personnel practices. IAF, Tab 1 at 3, Tab 12 at 3.

written record, finding that there was no genuine issue of material fact in dispute. IAF, Tabs 13-14, Tab 15, Initial Decision (ID) at 1.

¶5        In reaching his decision, the administrative judge found that veterans' preference does not apply in the merit-promotion selection process and that the appellant was required to meet the position's minimum qualification standards. ID at 6.   The administrative judge considered the sworn declaration of the agency's human resources specialist who reviewed the appellant's qualifications and determined that he was ineligible because he lacked the required specialized experience in HIV/AIDS public health activity.[5]   ID at 8.   The administrative judge found that the appellant offered no evidence that the agency improperly omitted, overlooked, or excluded a portion of his experience or work history in assessing his qualifications for the announced Supervisory Public Health Advisor position.  ID at 8.  The administrative judge also found that the appellant failed to create a genuine dispute of fact in response to the agency's declaration or to provide any material evidence that the agency denied him a bona fide opportunity to compete.[6]   ID at 10.   The appellant filed a petition for review arguing, in pertinent part, that the administrative judge improperly denied his right to a hearing, although he fails to identify a genuine dispute of material fact that requires a hearing in this appeal.  Petition for Review (PFR) File, Tab 1 at 5-6, 8.

---

[5] The human resources specialist swore in her declaration that a senior human resources specialist performed a second review of the appellant's application package and agreed that the appellant was ineligible for the Supervisory Public Health Advisor position. IAF, Tab 9 at 12.

[6] For example, the administrative judge considered the appellant's argument that the Government has a policy to increase the number of veterans in the Federal workforce, but found that VEOA does not guarantee a preference eligible a position of employment.  ID at 8.  The administrative judge considered the appellant's argument that the agency failed to properly credit his military experience but found that he offered no material evidence to support his argument.  ID at 8.  The administrative judge also considered the publications that the appellant cited about Federal hiring practices and the documents and cases he cited related to his other appeals, and found that all of it was immaterial to the vacancy announcement at issue here.  ID at 9-10.

¶6        On review, the appellant reasserts the arguments he raised below that the agency failed to credit his qualifying experience as a Medical Corpsman in Vietnam and that the agency has a pattern and practice of circumventing veterans' rights. PFR File, Tab 1 at 9, 15-16, 20. The appellant also refers to his prior VEOA appeals and argues, inter alia, that hearings should be mandatory based on the findings stated in the Board's January 2015 study titled, "The Impact of Recruitment Strategy on Fair and Open Competition for Federal Jobs." *Id*. at 5-6, 8-12, 20-22. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 3.

¶7        To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's action violated one or more of his statutory or regulatory veterans' preference rights in its selection process. *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 10 (2010). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2). Contrary to the appellant's arguments on review, the Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law. PFR File, Tab 1 at 8; *see Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008). A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009). A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party if he credits that party's evidence. *Id*.

¶8        Preference-eligible veterans applying for Federal employment have the right "to credit for all experience material to the position for which examined, including experience gained in religious, civic welfare, service, and

organizational activities, regardless of whether" such experience is unpaid. 5 U.S.C. § 3311(2); *see* 5 C.F.R. § 302.302(d); *see also Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014). Although a preference eligible is entitled to have a broad range of experiences considered by the agency in reviewing his application for a position, how the agency adjudges and weighs those experiences is beyond the purview of the Board's review in a VEOA appeal. *Miller*, 121 M.S.P.R. 88, ¶ 9.

¶9        The matter at issue in a VEOA appeal is not whether a particular agency action is proper and should be sustained. *Id*. The Board's role is limited to assessing whether an agency considered all of an appellant's "valuable experience" that is material to the position for which he has applied, and this assessment does not include a review of the weight the agency gave to a preference eligible's prior experiences in determining that he was not qualified for a position of employment. *See Miller*, 121 M.S.P.R. 88, ¶ 9. That said, VEOA does not guarantee a preference eligible a position of employment. *Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶¶ 9-10 (2002), *aff'd*, No. 02‑3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).

¶10        Although the appellant disputes the agency's determination that he lacked the required specialized experience for the Supervisory Public Health Advisor position, VEOA does not empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position. *See Miller*, 121 M.S.P.R. 88, ¶ 12; *see also Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009) ("Section 3311(2) guarantees that any experience of a veteran that is material to the position for which the veteran is examined will be credited. At the very least, 'credited' means 'considered.' "). Based on our review of the record, we find that the agency's documentary evidence shows that its human resources specialists reviewed the appellant's application and considered all of his relevant experience

and work history, including his military service, in assessing his qualifications for the announced vacancy. IAF, Tab 9 at 10-12, 23-24, 26, 30, Tabs 10-11.

¶11 Two of the agency's human resources specialists reviewed the appellant's application package and determined that he was not qualified "solely because his application did not reflect the required one year of specialized experience." IAF, Tab 9 at 12. Significantly, one of the human resources specialists who reviewed the appellant's application noted that he "copied from the specialized experience statement" in the announcement and incorporated it into his résumé; however, his résumé did not actually show that he had any of the specialized experience in HIV/AIDS public health activities that was required for the announced position. *Id*. at 11. Moreover, the appellant has not identified any experience or work history in his résumé concerning the "planning, development, implementation, evaluation, and/or improvement of international public health activities associated with the elimination of HIV/AIDS or infectious diseases" that the agency allegedly omitted, overlooked or excluded. IAF, Tab 11 at 18. Despite the appellant's argument on review that the administrative judge unlawfully denied his right to a hearing, we find that the appellant failed to identify any genuine dispute of material fact that justified a hearing in this appeal. PFR File, Tab 1 at 8.

¶12 We have considered the remaining arguments raised by the appellant on review, including but not limited to his analysis of the Board's obligations to veterans, "The Odyssey" by Homer, and corruption within the Veterans Administration, and we find no basis for disturbing the initial decision denying his request for corrective action under VEOA.[7] PFR File, Tab 1 at 6-8, 23-25.

---

[7] For example, the appellant argues, among other things, that he was "Best Qualified" for at least 176 positions but received no job offers. PFR File, Tab 1 at 26. He asks the Board to remand the appeal for a hearing so that he can ask the agency to explain its failure to hire him. PFR File, Tab 1 at 26. He also argues that the administrative judge failed to perform his judicial duties and examine the merits of the agency's action or consider the evidence of the agency's "'pattern and practice' of wrong-doing." *Id*. at 8,

An agency is not required to hire a preference-eligible veteran, if, as was the case here, it does not believe that the candidate is qualified or possesses the necessary experience. *See Abell v. Department of the Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003). The appellant also raises a claim of age discrimination on review; however, the Board has no authority to adjudicate discrimination claims in connection with VEOA appeals. PFR File, Tab 1 at 23; *see Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001). We therefore deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our

---

13, 20, 23. We find, however, the appellant's arguments fail to establish a basis for granting his petition for review.

website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.